### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF NEW-YORK,

IN MAY TERM, 1836, IN THE SIXTIETH YEAR OF THE INDEPENDENCE OF THE UNITED STATES.

---

## NORTHROP *vs.* BARNUM'S EXECUTOR.

A bond executed by a husband to a third person, to secure the amount of a legacy left to the obligor's wife by her father, and recived by the obligor after marriage, is a valid bond, and may be enforced in an action by the trustee against the personal representative of the obligor.

THIS was an action of debt on a *bond* given by the testator, whereby, after reciting that he had received the sum of $700, part of a *legacy* bequeathed to his wife by the last will and testament of her father; and that he was desirous to secure to her and to her separate use the said sum of money, the *condition* was declared to be that if his heirs, executors or administrators, in case he should depart this life previous to the death of his wife, should within six months after his decease pay to the obligee the said sum of $700, then the bond to be void. The testator died, his wife survived him, and this action was brought to recover the money. It was admitted that the $700 were received by the testator after marriage. The defence set up was that the bond was void for want of consideration.

A verdict was taken for the plaintiff, subject to the opinion of the court.

*J. A. Spencer*, for the plaintiff, insisted that the action in this case being on a bond under seal, which in itself imports a consideration, the want of consideration could not be alleged in bar of the action; and that the provision of the revised statutes declaring that the seal to a written instrument shall be only presumptive evidence of a sufficient consideration and that it may be rebutted, 2 *R. S.* 406, § 77, could have no operation upon the bond in this case, as it bore date previous to the alteration of the law. At all events the bond is *prima facie* good, and there is no evidence to show a want of consideration.

*M. Hoffman*, for the defendant. A seal to a written instrument is now only *prima facie* evidence of a consideration, and it may be rebutted in the same manner and to the same extent as if the instrument were not sealed. A consideration was always necessary to the validity of a contract. Here was none. The bond itself shows the circumstances under which it was entered into, and that the legacy when received by the testator was his property. It therefore was given without consideration. Besides, it is in the nature of a *post-nuptial contract*, which is discountenanced by the law as injurious to creditors. Executors now are trustees for creditors, 2 *R. S.* 86, and the defence here should be considered a defence by them.

*Spencer* in reply. There is no pretence for the suggestion that this defence is interposed for the benefit of creditors. If creditors have claims they will assert their rights.

*By the Court*, SAVAGE, C. J. The object of giving the bond on which this suit is brought, was to secure to the wife the property which she received from her father as a legacy given to her by his will. It is in the nature of a settlement upon the wife in consideration of a portion received. It is true that the legacy being personal property and bequeathed to the wife directly, became the personal property of the hus-

<div style="float:right">NEW-YORK, May, 1836.

band; he was therefore under no obligation to dispose of it for the benefit of his wife. He had, however, an undoubted right, and in this case it is to be presumed that he considered it his duty, to do so. No objection is raised here by creditors, but by the personal representative. We have the authority of Chief Justice Reeve for saying, that if the husband after marriage receive a portion which came to his wife, from some person deceased, and in consideration thereof make a reasonable settlement, it is good. *Reeve Dom. Rel*,178, citing *Colville* v. *Parker, Cro. James,* 158. In *Brown* v. *Jones,* 1 *Atk.* 188, 90, it is said by Lord Hardwicke, that it is admitted, if a settlement is made before marriage, though without a portion, it would be good, for marriage itself is a consideration; and it is equally good if made after marriage, provided it be upon payment of money as a portion. That was a contest between creditors of the bankrupt husband on the one side and the wife and children on the other. This is a contest between the wife herself in the name of her trustee, and the executor of the husband. If such a settlement is good against creditors, it surely is against the party's representative. I am clearly of opinion that the bond is valid whether we look into the consideration or not.

The plaintiff is entitled to judgment.